```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    NORTHERN DIVISION
```

**JOSH EGGLESTON, ET AL.**                                      **PLAINTIFFS**

**VS.**                             **CIVIL ACTION NO. 3:17-cv-758-WHB-JCG**

**QUALITY RESTAURANT CONCEPTS, LLC**                            **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on the Motion of Defendants for Attorneys' Fees and Expenses.  Having considered the pleadings and supporting and opposing authorities, the Court finds the Motion should be granted in part, and denied in part:

To the extent the subject Motion seeks an award of attorneys' fees, it is not well taken and will be denied.

To the extent the subject Motion seeks expenses, it is well taken and will be granted.

### I.   Discussion

Josh Eggleston, Demetric Montgomery, Ethel Jackson, and Sadie McGrew (collectively, "Plaintiffs"), filed a lawsuit in this Court alleging claims of discrimination in a place of public accommodation in violation of 42 U.S.C. § 2000a, consumer racial profiling in violation of 42 U.S.C. §§ 1981 and 1981(b), and a state law claim of negligent infliction of emotional distress.  The lawsuit was filed against Quality Restaurant Concepts ("QRC"),

which owns and operates the Applebee's restaurant at which Plaintiffs were allegedly subjected to the discriminatory conduct. Applebee's Restaurant, LLC; Applebee's Franchisor, LLC; Applebee's Services, Inc.; and Applebee's Restaurants West, LLC (collectively, "Applebee's Defendants"), were also named as defendants.

The matter came before the Court on motion and, upon finding Plaintiffs had not raised genuine issues of material fact, summary judgment was granted in favor of all defendants. See Opinion and Order [Docket No. 86]. Defendants have now moved for an award of attorneys' fees and costs.

## II. Discussion

Recovery of attorneys' fees with respect to Plaintiffs' federal law claims is governed by 42 U.S.C. § 1988. This statute provides, in relevant part, that in lawsuits to enforce 42 U.S.C. § 1981, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Under this statute, "prevailing defendants are entitled to attorneys' fees 'only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation or that the plaintiff continued to litigate after it clearly became so.'" Cantu Servs., Inc. v. Frazier, 682 F. App'x 339, 342 (5th Cir. 2017)(quoting Mylett v. Jeane, 910 F.2d 296, 299 (5th Cir. 1990)). The ultimate question to be answered when deciding the issue of

frivolity is "whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." Cantu, 682 F. App'x at 342. In answering this question, the Court considers the following factors: "(1) whether plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the district court dismissed the case or held a full-blown trial." Id. (citing EEOC v. Kimbrough Inv. Co., 703 F.2d 98, 103 (5th Cir. 1983)). Additionally, in reaching its answer, a court must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421–22 (1978). As explained by the United States Supreme Court:

> This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Id. at 422.

Considering the first relevant factor, the record shows that Plaintiffs presented sufficient evidence at the summary judgment stage to permit the presumption that a prima facie case of

discrimination had been established.  See Opinion and Order [Docket No. 86], 11-12.  With regard to the second factor, although the pleadings are silent as to whether a settlement offer was made, the Docket shows that the settlement conference scheduled in this case was cancelled on a representation by defense counsel that it had "no authority to offer towards settlement."  See Docket Entry of Sept. 17, 2018.  As to the third factor, while the record shows that the case was ultimately dismissed, dismissal came on summary judgement, i.e. following a finding that the evidence presented did not create genuine fact questions on issues that were material to Plaintiffs' claims.

On review, the Court finds that while Plaintiffs did not "ultimately prevail" on their claims, it has not been shown that those claims were completely lacking in foundation or otherwise frivolous at the time the lawsuit was filed, or at the time the Motion for Summary Judgment was filed.  Additionally, because Plaintiffs were not provided evidence relevant to their claims, including the Franchise Agreement that detailed the relationship between QRC and the Applebee's Defendants, until shortly before the Motion for Summary Judgment was filed, the Court cannot conclude that Plaintiffs' failure to dismiss the Applebee's Defendants before that time was wholly unreasonable. For these reasons, the Motion of Defendants for Attorneys' Fees, to the extent it requests fees incurred in defending the federal law claims, will be denied.

Defendants also seek to recover the attorneys' fees they incurred in defending Plaintiffs' Mississippi state law claims. Under the Mississippi Litigation Accountability Act ("MLAA"), codified at MISS. CODE ANN. § 11-55-5, *et seq.*, "the court shall award ... reasonable attorney's fees and costs against any party or attorney if the court ... finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification...." For the purposes of this Act, a claim is without substantial justification when "it is frivolous, groundless in fact or in law, or vexatious, as determined by the court." Id. § 11-55-3(a). A claim is frivolous "only when, objectively speaking, the pleader or movant has no hope of success." Stevens v. Lake, 615 So.2d 1177, 1184 (Miss. 1993). See also Leaf River Forest Prods., Inc. v. Deckle, 661 So.2d 188, 195 (Miss. 1995)(explaining that "[alt]hough a case may be weak or 'light-headed,' that is not sufficient to label it frivolous.").

Here, although the Court concluded that the evidence submitted by Plaintiffs did not raise genuine issues of material fact with respect to their state law claim of negligent infliction of emotional distress, it cannot now find that that claim was frivolous or vexatious when the lawsuit was filed. Accordingly, to the extent defendants seek attorneys fees under the MLAA, their Motion for Attorneys' Fees will be denied.

Finally, Defendants have moved for an award of costs. Under Rule 54 of the Federal Rules of Civil Procedure: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorneys' fees — should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The United States Court of Appeals for the Fifth Circuit has found that this Rule "contains a strong presumption that the prevailing party will be awarded costs." Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir. 2006)(citing Schwarz v. Folloder, 767 F.2d 125, 131 (5th Cir. 1985)). Thus, courts "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." Schwarz, 767 F.2d at 131.

Defendants, because they were the prevailing parties in this case, are entitled to costs under Rule 54(d)(1). As to the costs to be awarded, it is well settled that prevailing parties may only be awarded those authorized by 28 U.S.C. §§ 1920 and 1821. See e.g. Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 334-35 (5th Cir. 1995). Here, Defendants request costs in the amount of $2,218.30, which represents the court reporter fees they paid for depositions. As 28 U.S.C. § 1920(a)(2) permits the taxing of "fees for printed ... transcripts necessarily obtained for use in the case", and as the subject depositions were used during the summary judgment phase, the Court finds Defendants are entitled to recover these costs. Defendants also request costs in the amount of

212.60, which represents the fees they paid for Plaintiffs' medical records. As 28 U.S.C. § 1920(a)(4) permits the taxing of "costs of making copies of any materials where the copies are necessarily obtained for use in the case", and as the subject medical records were used during the summary judgment phase, the Court finds Defendants are entitled to recover these costs.

In sum, the Court finds Defendants are not entitled to an award of attorneys' fees in this case, but are entitled to costs in the amount of $2,430.90.

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants for Attorneys' Fees and Expenses [Docket No. 89] is hereby granted in part, and denied in part.

To the extent the subject Motion seeks an award of attorneys' fees, the Motion is denied.

To the extent the subject Motion seeks an award of costs in the amount of $2,430.90, the Motion is granted.[1]

SO ORDERED this the 13th day of May, 2019.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

---

[1] The costs claimed by Defendants in their Bill of Costs have already been taxed by the Clerk of Court. See Docket Entry of February 13, 2019.